


Civil - Case and Transaction Information **11/15/17 1:22 PM**

Cause Number: 141-294500-17 Date Filed: 09-05-2017

RICHARD ABRAMS | VS | ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY

Cause of Action: CONTRACT, INSURANCE

Case Status: DEFAULT JUDGMENT

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 09-05-2017 | PLTF'S ORIG PET | N I | | 289.00 | |
| 09-05-2017 | COURT COST (PAID) trans #1 | Y | | | 289.00 |
| 09-05-2017 | LTR REQ FOR SVC | I | | | 0.00 |
| 09-05-2017 | MILITARY AFFDT | I | | | 0.00 |
| 09-05-2017 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 10-10-2017 | LTR REQ CIT BE EMAILED | I | | | 0.00 |
| 10-10-2017 | CIT-ISSUED ON ALLSTATE VEHICLE & PROPERTY INSURANCE CO-On 10/12/2017 | N | Svc | 8.00 | |
| 10-10-2017 | COURT COST (PAID) trans #7 | Y | | | 8.00 |
| 10-18-2017 | RETURN-ALLSTATE VECHICLE & PROPERTY INS CO | I | | | 0.00 |
| 11-06-2017 | PLTF'S MTN FOR DEFAULT JDG | I | | | 0.00 |
| 11-06-2017 | (PROPOSED) DEFAULT JDG | I | | | 0.00 |
| 11-08-2017 | ***DEFAULT JDG*** | I M | | | 0.00 |
| 11-08-2017 | DOCKET SHEET | I | | | 0.00 |
| 11-08-2017 | *****************CASE CLOSED***************** | | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

EXHIBIT B

141-294500-17

FILED
TARRANT COUNTY
9/5/2017 3:25 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust | § | In the District Court |
| *Plaintiff* | § | |
| v. | § | Tarrant County, Texas |
| Allstate Vehicle & Property Insurance Company | § | |
| *Defendant* | § | _______ Judicial District |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Richard Abrams Trustee of the Richard N. Abrams Trust created under the Abrams Family Gift Trust, (hereinafter referred to as "Plaintiff"), and file this Complaint against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") (hereinafter referred to as "Defendant"), and respectfully would show this court as follows:

**PARTIES**

1. Plaintiff is a Trust residing in and/or owning property in Tarrant County, Texas.

2. Defendant, Allstate, is an insurance company that is engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**DISCOVERY LEVEL**

3. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.



## JURISDICTION

4. The District Court in Tarrant County has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5. The District Court in Tarrant County has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

6. Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff is the owner of a property insurance policy number 8836486384 (hereinafter referred to as the "Policy") issued by Allstate. (Ex. B).

8. Plaintiff owns property located at 4301 Briarhaven Road, in Tarrant County (hereinafter referred to as the "Property"). Allstate sold Plaintiff the Policy insuring the Property.

9. On or around March 23, 2016 hail storms and windstorms struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm caused over $611,848 in damages to the Property including extensive damage to Plaintiff's 2005 Bentley. (Ex. A, D).

10. Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. As per Policy, Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy. (Ex. B).

11. Of course Allstate wasn't going to pay $611,848 in damages to Plaintiff. Allstate did appear like it would take this claim seriously. Allstate sent an initial estimator to inspect the

Property once the claim was reported. Then came an Allstate manager to conduct another inspection with the initial estimator of the Property. Finally, on or around June 1, 2017, Allstate hired and paid an inspector to avoid paying the claim. Without a doubt, Allstate's paid inspector's report came out on the side of Allstate. The hired Allstate inspector determined the hail from the Storm was way too small and therefore in no way could cause damage to the Property. (Ex. C). As expected, the Allstate report concluded any property damage was caused prior to the Storm. *Id.*

12. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Plaintiff has not heard from Allstate despite several demands and thus Allstate waived any right to defend upon Plaintiff not satisfying any conditions precedent. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

13. From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

14. Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

15. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney who is representing Plaintiff with respect to these causes of action.

16. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**BREACH OF CONTRACT**

17. To prove a breach of contract, the insured has to establish: (1) the existence of the contract sued upon; (2) compliance with the terms of the contract; and (3) the insurer's breach of the contract. *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 629 (Tex. App.—Dallas 1992, writ denied).

18. There is a contract between Plaintiff and Defendant. (Ex. B). The contract specifically provides that if the Property is damaged by hail, Defendant must pay for the damage the hail caused. (Ex. B).

19. Plaintiff's Property was damaged by hail when the Policy was in force. (Ex. A). Allstate breached the contract by its failure/and/or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question. (Ex. B). As a proximate cause, Plaintiff is damaged in the amount of $611,840. (Ex. A).

**Breach of the Duty of Good Faith and Fair Dealing**

20. Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages,

including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

**DAMAGES**

21. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

22. The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

23. For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of its claim, together with attorney's fees.

24. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

25. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

26. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

**PRAYER**

27. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court cite Defendant to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Michael Engfer
State Bar No. 24085296
6145 Wedgwood Drive
Fort Worth TX 76133
Phone: (817) 850-9800
Facsimile: (817) 916-5106
mike@sryp.net
ATTORNEY FOR PLAINTIFF

# EXHIBIT A

**EXHIBIT A**



Insurance Claim Advantage, LLC

Your Adjuster. Your Advantage.
No Recovery. No Fee.

Texas Department
of Insurance
License #: 2106655

## SWORN STATEMENT IN PROOF OF LOSS

At the time of loss, the following persons or legal entities were insured:

1. Identification of All Insured:
Richard Abrams
4301 Briarhaven Road
Fort Worth, TX 76109

2. Time and Origin: A Hail / Wind loss occurred on 2016-03-21. The cause and origin of the said loss were Hail / Wind.

3. Occupancy: The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: Residential

4. Title and Interest: At the time of the loss the interest of the named insured(s) in the property described therein was owner. No other person or persons has any interest therein or encumbrance thereon, except: lienholder.

5. Changes: Since the said policy was issued, there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: N/A

6. Total Insurance: The total amount of insurance upon the property described by this policy was at the time of the loss is reflected in the declaration page of policy number 836486384, other than this policy, there was no policy or other contract of insurance, written or oral, valid or invalid.

7. The Actual Cash Value of said property at the time of the loss was: Unknown

8. The Whole Loss and Damage was: $611840.78

9. The Amount Claimed under the above referenced policy prior to subtracting previous payments and the applicable deductible is: $611840.78

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of an estimate or the preparation of proofs by a representative of the insured is not a waiver of any of the insured's rights.
**SUPPLEMENT PROOF OF LOSS MAY FOLLOW.**

Insured's Representative: [signature]

State of: Texas

County of: Harris

Subscribed and sworn to me this 21st date of Dec., 2016

[signature] Notary Public

DEBBIE MARIE ALVA
Notary Public, State of Texas
My Commission Expires
May 29, 2017

**WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claims for the proceeds or any insurance policy containing any false, incomplete or misleading information is guilty of a felony.**

EXHIBIT A



Insurance Claim Advantage, LLC

Your Adjuster. Your Advantage.
No Recovery. No Fee.

Texas Department
of Insurance
License #: 2106655

December 2, 2016

Richard Abrams
4301 Briarhaven Road
Fort Worth, TX 76109

| **Claim Number:** | 0410541247TCC |
|---|---|
| **Policy Number:** | 836486384 |
| **Insurance Company:** | Allstate Insurance |
| **Date of Loss:** | 2016-03-21 |
| **ICA Claim Number:** | 13201 |
| **Policy Holder(s) Name(s):** | Richard Abrams |
| **Loss Address:** | 4301 Briarhaven Road |
| | Fort Worth, TX 76109 |

Dear Richard Abrams:

Please find enclosed a draft copy of your claim's Initial Damage Estimate Report ("Estimate"). Please review the enclosed draft Estimate carefully for any discrepancies. All suggested modifications must be emailed to documents@insuranceclaimadvantage.com within five days of the date of this letter. ICA will notify you once a finalized Estimate is submitted to the insurance company.

We thank you for the continued trust you place with ICA in resolving your claim. Please do not hesitate to contact ICA's Central Headquarters at 800-304-4748 if you have any questions during the process.

Sincerely,

Insurance Claim Advantage, LLC

Enclosure

Dallas
469.269.0087

Houston
440 Louisiana, Suite 900
Houston TX, 77002

San Antonio
210.570.9717

Insurance Claim Advantage, LLC
800.304.4748

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

Insured: Abrams, Richard- Trustee
Property: 4301 Briarhaven Road
Fort Worth, TX 76109
Home: 123 Main St.
Houston, TX 77002

Contractor: Don O. Staples
Company: Insurance Claim Advantage, LLC

Business: (303) 915-8746
E-mail: dstaples@insuranceclaimadvantage.com

**Claim Number:** 0410541247TCC **Policy Number:** 836486384 **Type of Loss:** Damages from force of wind and hail

Date Contacted: 3/21/2016
Date of Loss: 3/21/2016
Date Inspected:
Date Est. Completed: 12/1/2016 2:28 PM

Date Received: 10/3/2016 9:10 AM
Date Entered: 10/25/2016 10:58 AM

Price List: TXDF8X_DEC16
Restoration/Service/Remodel
Estimate: TRUSTEE_ICA

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

**TRUSTEE_ICA**

**Source - Roof InSight**

**Source - Roof InSight**

**L**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 1. Remove Slate roofing - High grade - 18" to 24" tall | 141.62 SQ @ | 123.30 = | 17,461.75 |
| 2. Slate roofing - High grade - 18" to 24" tall | 162.86 SQ @ | 1,100.50 = | 179,227.43 |
| 15% waste. | | | |
| 3. Roofing felt - synthetic underlayment | 162.86 SQ @ | 32.24 = | 5,250.61 |
| 15% waste. | | | |
| 4. Bird stop - Eave closure strip for tile roofing - clay | 736.14 LF @ | 4.03 = | 2,966.64 |
| 5. R&R Ridge / Hip / Rake cap - tile roofing | 545.54 LF @ | 13.13 = | 7,162.94 |
| 6. R&R Drip edge/gutter apron | 736.14 LF @ | 2.11 = | 1,553.26 |
| 7. Seal & paint trim - two coats | 736.14 LF @ | 0.95 = | 699.33 |
| Paint drip edge. | | | |
| 8. R&R Valley metal | 236.35 LF @ | 4.61 = | 1,089.57 |
| 9. R&R Flashing, 14" wide | 52.85 LF @ | 3.36 = | 177.58 |
| 10. R&R Roof vent - turtle type - Metal | 3.00 EA @ | 52.37 = | 157.11 |
| 11. R&R Exhaust cap - through roof - 6" to 8" | 14.00 EA @ | 74.46 = | 1,042.44 |
| 12. Prime & paint roof vent | 17.00 EA @ | 24.02 = | 408.34 |
| 13. R&R Flashing - pipe jack | 5.00 EA @ | 37.39 = | 186.95 |
| 14. Prime & paint roof jack | 5.00 EA @ | 24.02 = | 120.10 |
| 15. R&R Skylight - flat fixed, 9.1 - 10 sf | 4.00 EA @ | 505.46 = | 2,021.84 |
| 16. R&R Roof window step flashing kit | 4.00 EA @ | 117.74 = | 470.96 |
| 17. R&R Skylight - flat fixed, 12.1 - 15 sf | 3.00 EA @ | 620.15 = | 1,860.45 |
| 18. R&R Roof window step flashing kit - Large | 3.00 EA @ | 136.75 = | 410.25 |
| 19. R&R Fascia - metal - 4" | 736.14 LF @ | 3.36 = | 2,473.43 |
| 20. Prime & paint exterior fascia - metal, 4"- 6" wide | 736.14 LF @ | 1.08 = | 795.03 |
| 21. R&R Gutter - aluminum - up to 5" | 672.91 LF @ | 4.87 = | 3,277.08 |
| 22. R&R Downspout - aluminum - up to 5" | 336.46 LF @ | 4.87 = | 1,638.56 |
| 23. Prime & paint gutter / downspout | 1,009.37 LF @ | 1.11 = | 1,120.40 |

**H**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 24. Remove Slate roofing - High grade - 18" to 24" tall | 3.03 SQ @ | 123.30 = | 373.60 |
| 25. Slate roofing - High grade - 18" to 24" tall | 3.49 SQ @ | 1,100.50 = | 3,840.75 |
| 15% waste. | | | |
| 26. Roofing felt - synthetic underlayment | 3.49 SQ @ | 32.24 = | 112.52 |

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

**CONTINUED - H**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 15% waste. | | | |
| 27. Bird stop - Eave closure strip for tile roofing - clay | 69.39 LF @ | 4.03 = | 279.64 |
| 28. R&R Ridge / Hip / Rake cap - tile roofing | 47.20 LF @ | 13.13 = | 619.74 |
| 29. R&R Drip edge/gutter apron | 69.39 LF @ | 2.11 = | 146.42 |
| 30. Seal & paint trim - two coats | 69.39 LF @ | 0.95 = | 65.92 |
| Paint drip edge. | | | |
| 31. R&R Flashing, 14" wide | LF @ | 3.36 = | 0.00 |
| 32. R&R Fascia - metal - 4" | 69.39 LF @ | 3.36 = | 233.15 |
| 33. Prime & paint exterior fascia - metal, 4"- 6" wide | 69.39 LF @ | 1.08 = | 74.94 |
| 34. R&R Gutter - aluminum - up to 5" | 69.39 LF @ | 4.87 = | 337.93 |
| 35. R&R Downspout - aluminum - up to 5" | 34.69 LF @ | 4.87 = | 168.94 |
| 36. Prime & paint gutter / downspout | 104.08 LF @ | 1.11 = | 115.53 |

**E**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 37. R&R Greenhouse Enclosure - Full Glass | 1,014.95 SF @ | 18.86 = | 19,141.96 |

**Exterior Elevations**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 38. R&R Window screen, 17 - 25 SF | 4.00 EA @ | 60.26 = | 241.04 |
| 39. Seal & paint wood window (per side) | 4.00 EA @ | 37.21 = | 148.84 |

**General Conditions**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 40. General clean - up | 16.00 HR @ | 33.00 = | 528.00 |
| 41. Dumpster load - Approx. 20 yards, 4 tons of debris | 3.00 EA @ | 393.00 = | 1,179.00 |

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

**CONTINUED - General Conditions**

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| 42. Taxes, insurance, permits & fees (Bid Item) | 1.00 EA @ | 3,300.00 = | 3,300.00 |
| 43. Residential Supervision / Project Management - per hour | 80.00 HR @ | 51.96 = | 4,156.80 |

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 5,257.80 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 15,480.27 | Surface Area | 154.80 | Number of Squares | 1,869.30 | Total Perimeter Length |
| 424.60 | Total Ridge Length | 355.55 | Total Hip Length | | |

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 266,636.77 |
| Material Sales Tax | 11,222.12 |
| Cleaning Mtl Tax | 0.01 |
| Subtotal | 277,858.90 |
| Overhead | 27,455.91 |
| Profit | 27,455.91 |
| Cleaning Sales Tax | 52.27 |
| **Replacement Cost Value** | **$332,822.99** |
| **Net Claim** | **$332,822.99** |

**EXHIBIT A**



Insurance Claim Advantage, LLC

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

## Recap of Taxes, Overhead and Profit

| | Overhead (10%) | Profit (10%) | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|---|---|
| **Line Items** | | | | | | | |
| | 27,455.91 | 27,455.91 | 11,222.12 | 0.01 | 52.27 | 0.00 | 0.00 |
| **Total** | | | | | | | |
| | **27,455.91** | **27,455.91** | **11,222.12** | **0.01** | **52.27** | **0.00** | **0.00** |

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

## Recap by Room

**Estimate: TRUSTEE_ICA**

**Area: Source - Roof InSight**

| | | |
|---|---|---|
| **Area: Source - Roof InSight** | | |
| **L** | 231,572.05 | 86.85% |
| **H** | 6,369.08 | 2.39% |
| **E** | 19,141.96 | 7.18% |
| **Area Subtotal: Source - Roof InSight** | 257,083.09 | 96.42% |
| **Area Subtotal: Source - Roof InSight** | 257,083.09 | 96.42% |
| **Exterior Elevations** | 389.88 | 0.15% |
| **General Conditions** | 9,163.80 | 3.44% |
| **Subtotal of Areas** | 266,636.77 | 100.00% |
| **Total** | 266,636.77 | 100.00% |

**EXHIBIT A**



**Insurance Claim Advantage, LLC**

440 Louisiana, Suite 900
Houston TX, 77002
Tel: 800.786.1060
Web: www.insuranceclaimadvantage.com

## Recap by Category

| O&P Items | Total | % |
|---|---|---|
| AWNINGS & PATIO COVERS | 18,330.00 | 5.51% |
| CLEANING | 528.00 | 0.16% |
| GENERAL DEMOLITION | 22,775.85 | 6.84% |
| LABOR ONLY | 4,156.80 | 1.25% |
| PAINTING | 3,548.43 | 1.07% |
| ROOFING | 201,823.12 | 60.64% |
| SOFFIT, FASCIA, & GUTTER | 7,496.54 | 2.25% |
| WINDOW REGLAZING & REPAIR | 229.40 | 0.07% |
| WINDOWS - SKYLIGHTS | 4,448.63 | 1.34% |
| O&P Items Subtotal | 263,336.77 | 79.12% |

| Non-O&P Items | Total | % |
|---|---|---|
| PERMITS AND FEES | 3,300.00 | 0.99% |
| Non-O&P Items Subtotal | 3,300.00 | 0.99% |
| O&P Items Subtotal | 263,336.77 | 79.12% |
| Material Sales Tax | 11,222.12 | 3.37% |
| Cleaning Mtl Tax | 0.01 | 0.00% |
| Overhead | 27,455.91 | 8.25% |
| Profit | 27,455.91 | 8.25% |
| Cleaning Sales Tax | 52.27 | 0.02% |
| Total | 332,822.99 | 100.00% |

**EXHIBIT A**

Source - Roof InSight

12/2/2016

Page: 9




TRUSTEE_ICA

Source - Roof InSight - Source - Roof InSight

# EXHIBIT B

**EXHIBIT B**

# Amended House & Home Policy Declarations

Your policy effective date is August 20, 2015






## Total Premium for the Policy Period

| Item | Amount |
|---|---|
| Premium for property insured | $4,982.53 |
| Recoupment Fee Volunteer Rural Fire Department Assistance Program | 0.63 |
| **Total** | **$4,983.16** |

## Discounts (included in your total premium)

| Discount | Amount | Discount | Amount |
|---|---|---|---|
| Protective Device | **$63.47** | Multiple Policy | **$1,126.92** |
| Claim Free | **$682.03** | Allstate Easy Pay Plan | **$239.39** |
| Early Signing | **$92.86** | Responsible Payment | **$1,291.92** |
| Smoke-Free | **$316.10** | Welcome | **$562.25** |
| **Total discount savings** | | | **$4,374.94** |

## Insured property details*

Please review and verify the information regarding your insured property. Please refer to the Important Notice (X73182) for additional coverage information. Contact us if you have any changes.

**Location of property insured:** 4301 Briarhaven Rd, Fort Worth, TX 76109-4602

**Dwelling Style:**
Built in 1971; 1 family; 8404 sq. ft.; 1 story

**Attached structures:**
One 1-car attached garage
One 2-car attached garage
Open porch, 40 sq. ft.

**Interior details:**
One basic kitchen
One semi-custom kitchen
Four semi-custom full baths
Two semi-custom half baths

**Exterior wall types:**
30% stucco on frame
70% brick on frame

**Interior wall partition:**
100% drywall

**Heating and cooling:**
Average cost heat & central air conditioning, 200%

**Additional details:**
Interior wall height - greater than 10 ft, 30%
Interior wall height - less than 10 ft, 70%

*(continued)*

Information as of October 30, 2015

## Summary

Named Insured(s)
**Richard Abrams Abrams Trust**

Mailing address
**6145 Wedgwood Dr**
**Fort Worth TX 76133-2768**

Policy number
836 486 384

Your policy provided by
**Allstate Vehicle and Property Insurance Company**

Policy period
Beginning **August 20, 2015** through **August 20, 2016** at 12:01 a.m. standard time

Your Allstate agency is
**Troy and Associates**
6016 Southwest Blvd
Fort Worth TX 76109
(817) 735-4222
DianaTroy@allstate.com

**Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.**

TX070AMD



**EXHIBIT B**



**Insured property details* (continued)**

**Fire protection details:**

Fire department subscription - no    2 miles to fire department

**Roof surface material type:**

Slate

- 100% slate

Other

- Four small skylights

**Roof details:**

Predominant roof type: Slate    Age of roof - 6 years
Roof geometry - Hip

**Mortgagee - None**

**Additional Interested Party - None**

**This is a partial list of property details. If the interior of your property includes custom construction, finishes, buildup, specialties or systems, please contact your Allstate representative for a complete description of additional property details.*

## Coverage detail for the property insured

| *Coverage* | *Limits of Liability* | *Applicable Deductible(s)* |
|---|---|---|
| Dwelling Protection | $1,237,943 | • $12,379 Windstorm and Hail<br>• $12,379 All other perils |
| Other Structures Protection | $123,795 | • $12,379 Windstorm and Hail<br>• $12,379 All other perils |
| Personal Property Protection | $866,561 | • $12,379 Windstorm and Hail<br>• $12,379 All other perils |
| Additional Living Expense | Up to 12 months not to exceed $247,589 | |
| Family Liability Protection | $300,000 each occurrence | |
| Guest Medical Protection | $5,000 each person | |
| Foundation Water Damage | $5,000 | |
| Additional Fire Department Charges | **Not purchased*** | |
| Building Codes | **Not purchased*** | |
| Building Materials Theft | **Not purchased*** | |
| Building Structure Reimbursement Extended Limits | 20% above dwelling protection | |
| Country Endorsement | **Not purchased*** | |
| Dwelling in the Course of Construction | **Not purchased*** | |
| Electronic Data Recovery | **Not purchased*** | |

*(continued)*

TX070AMD
064 070 042
1510315302561
1100005302501064TX0001510310324330004890020040004942

arbitration only upon mutual consent of the parties. Arbitration pursuant to this provision shall be subject to the following:

1. no arbitrator shall have the authority to award punitive damages or attorney's fees;
2. neither of the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and
3. no arbitrator shall have the authority, without the mutual consent of the parties, to consolidate claims or disputes in arbitration.

### Residential Community Property Clause

This policy, subject to all other terms and conditions, when covering residential community property, as defined by state law, shall remain in full force and effect as to the interest of each spouse covered, irrespective of divorce or change of ownership between the spouses unless excluded by endorsement attached to this policy, until the expiration of the policy or until cancelled in accordance with the terms and conditions of this policy.

### Loss Reduction And Other Items

From time to time and in **our** sole discretion, **we** may provide **you**, or allow others to provide **you**, with:

1. items, memberships, special offers, merchandise, points, services, classes, seminars or other things of value designed to help **you** or other persons insured under this policy manage the risks **you** or they face, including, but not limited to, loss reduction or safety-related items; or
2. items, memberships, special offers, merchandise, points, services, classes, seminars or things of any other type that **we** think may be of value to **you** or someone else insured under this policy.

   These items, memberships, special offers, merchandise, points, services, classes, seminars or other things of value may be provided in any form, including, but not limited to, redemption codes, coupons, vouchers and gift cards.

# Section I—Your Property

## Dwelling Protection-Coverage A

### Property We Cover Under Coverage A:

1. **Your dwelling**, including attached structures. Structures connected to **your dwelling** by only a fence, utility line, or similar connection are not considered attached structures.
2. Construction materials and supplies at the **residence premises** for use in connection with **your dwelling**.
3. Wall-to-wall carpeting fastened to **your dwelling**.

### Property We Do Not Cover Under Coverage A:

1. Any structure, including fences, or other property covered under **Other Structures Protection-Coverage B.**
2. Land.
3. Satellite dish antennas and their systems, whether or not attached to **your dwelling**.

## Other Structures Protection-Coverage B

### Property We Cover Under Coverage B:

1. Structures at the address shown on the Policy Declarations separated from **your dwelling** by clear space.
2. Structures at the address shown on the Policy Declarations connected to **your dwelling** by only a fence, utility line, or similar connection.
3. Construction materials and supplies at the **residence premises** for use in connection with structures other than **your dwelling**.
4. Wall-to-wall carpeting fastened to **building structures**, other than **your dwelling**, at the address shown on the Policy Declarations.

### Property We Do Not Cover Under Coverage B:

1. Structures used in whole or in part for **business** purposes.
2. Any structure or other property covered under **Dwelling Protection-Coverage A.**

**EXHIBIT B**

House me licy
Policy umber:




3. Land.

4. Construction materials and supplies at the **residence premises** for use in connection with the **dwelling**.

5. Satellite dish antennas and their systems, whether or not attached to **building structures**.

## Personal Property Protection–Coverage C

### Property We Cover Under Coverage C:

1. Personal property owned or used by an **insured person** anywhere in the world. When personal property is located away from the **residence premises**, coverage is limited to 10% of **Personal Property Protection–Coverage C**.

2. At **your** option, personal property owned by a guest or **residence employee** while the property is in a residence **you** are occupying.

### Limitations On Certain Personal Property:

Limitations apply to the following groups of personal property. If personal property can reasonably be considered a part of two or more of the groups listed below, the lowest limit will apply. These limitations do not increase the amount of insurance under **Personal Property Protection–Coverage C**. The total amount of coverage for each group in any one loss is as follows:

1. $ 200 — Property used or intended for use in a **business** while the property is away from the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

2. $ 500 — Theft of any recording or storage media while such property is away from the **residence premises**, whether or not it is used with electronic data processing equipment or in a **business**. Recording or storage media includes, but is not limited to:
   a) tapes;
   b) CDs, DVDs and other discs;
   c) records;
   d) disks;
   e) reels;
   f) cassettes;
   g) cartridges; or
   h) programs.

3. $ 1,000 — Property used or intended for use in a **business**, including property held as samples or for sale or delivery after sale, while the property is on the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

4. $ 1,000 — Trading cards, subject to a maximum amount of $250 per card.

5. $ 1,000 — Watercraft, including their attached or unattached trailers, furnishings, equipment, parts, and motors.

6. $ 1,000 — Trailers not used with watercraft.

7. $ 1,500 — Motorized land vehicle parts, equipment or accessories not attached to or located in or upon any motorized land vehicle.

8. $ 2,000 — Theft of firearms, their related equipment, and accessories.

9. $ 2,500 — Theft of goldware, silverware, pewterware and platinumware.

10. $ 5,000 — Theft of jewelry, watches, precious and semi-precious stones, gold other than goldware, silver other than silverware, pewter other than pewterware, platinum other than platinumware, and furs, including any item containing fur which represents its principal value, subject to a maximum amount of $1,000 per item.

11. $10,000 — Theft of tools and their accessories.

12. $10,000 — Motorized land vehicles used solely for the service of the **insured premises** and not licensed for use on public roads. This does not include motorized land vehicles designed for assisting the disabled and not licensed for use on public roads.

### Property We Do Not Cover Under Coverage C:

1. Personal property specifically described and insured by this or any other insurance.

2. Animals.



**EXHIBIT B**

House me licy
Policy umber:

3. Motorized land vehicles, including, but not limited to, any land vehicle powered or assisted by a motor or engine. **We** do not cover any motorized land vehicle parts, equipment or accessories attached to or located in or upon any motorized land vehicle. **We** do cover motorized land vehicles designed for assisting the disabled, or used solely for the service of the **insured premises**, and not licensed for use on public roads.

4. Aircraft and aircraft parts. This does not include model or hobby craft not designed to carry people or cargo.

5. Property of roomers, boarders or tenants not related to **you**.

6. Property located away from the **residence premises** and rented or held for rental to others.

7. Satellite dish antennas and their systems.

8. Money, bullion, bank notes, coins and other numismatic property, scrip, stored value cards, and smart cards.

9. Accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, checks, cashier's checks, traveler's checks, passports, securities, tickets, and stamps, including philatelic property.

10. Manuscripts, including documents stored on electronic media.

## Losses We Cover Under Coverages A, B and C:

**We** will cover **sudden and accidental** direct physical loss to the property described in **Dwelling Protection-Coverage A, Other Structures Protection-Coverage B or Personal Property Protection-Coverage C** caused by the following, except as limited or excluded in this policy:

1. Fire or lightning.

2. **Windstorm** or hail.

   **We** do not cover:
   a) loss to covered property inside a **building structure**, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;
   b) loss to watercraft and their trailers, furnishings, equipment and motors unless inside a fully enclosed **building structure**. However, **we** do cover canoes and rowboats on the **residence premises**.

3. Explosion.

4. Riot or civil commotion, including pillage and looting during, and at the site of, the riot or civil commotion.

5. Aircraft, including self-propelled missiles and spacecraft.

6. Vehicles.

7. Smoke.

8. Vandalism and malicious mischief.

   **We** do not cover vandalism or malicious mischief if **your dwelling** has been vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A **dwelling** under construction is not considered vacant or unoccupied.

9. Falling objects.

   **We** do not cover loss to personal property inside a **building structure** unless the falling object first damages the exterior walls or roof of the **building structure**.

10. Weight of ice, snow or sleet which causes damage to:
    a) a **building structure** or other structure covered under **Dwelling Protection-Coverage A** or **Other Structures Protection-Coverage B**; or
    b) property covered under **Personal Property Protection-Coverage C** in a **building structure**, but only if the **building structure** is damaged due to the weight of ice, snow or sleet.

11. Artificially generated electrical current to electronics, electrical appliances, fixtures and wiring.

12. Bulging, burning, cracking or rupture of a steam or hot water heating system, an air conditioning system, an automatic fire protective sprinkler system or an appliance for heating water.

13. Water or steam that escapes from a plumbing, heating or air conditioning system, an automatic fire protective sprinkler system, or from a household appliance due to accidental discharge or overflow. However, **we** do not cover loss, including ensuing loss or the cost of tearing out and replacing any part of **your dwelling**, caused by the discharge or overflow of water or steam from within a plumbing, heating or air conditioning system, household appliance or fire protective sprinkler system

# EXHIBIT C

**EXHIBIT C**

HAAG Engineering

4949 W. Royal Lane
Irving, Texas 75063
HaagEngineering.com

800.527.0168
214.614.6500
214.614.6501 fax

July 28, 2016

Allstate Insurance Co
PO Box 3249
Coppell, TX 75019

Attention: Tomas Cardenas

Re: Richard Abrams Residence
Roof Hail Damage Evaluation
4301 Briarhaven Road
Ft Worth, TX 76109
Client File: 0410541247
Haag File: 0116180466-134

Complying with your request, Robert N. Fleishmann, P.E., inspected the buildings roofs at the Abrams property to determine the extent of hailstone impact damage and provided a protocol for repairing any hail-caused damage to the roof coverings. The inspection was conducted on June 15, 2016. At your request, we are sending this compendium which presents an overview of our inspection, as well as our specific conclusions and pertinent supporting data. Should you require additional detailed information following review of this document, an expanded report with in-depth discussion and additional supporting documentation can be written.

## Executive Summary

We visually inspected the roofs at the Abrams residence, including the main residence, green house, garden building, barn, and care taker's house for hail impact damage. We further inspected the statuary in the yards surrounding main house.

Hail had recently fallen at the Abrams residence, and it size was too small to damage the slate tile covering on the residence and garden building roofs. The hail was too small to even dent the metal roof of the barn. Hail had damaged the composition shingles covering the care taker's residence, but the damaging hail had fallen prior to the construction of the barn.

Hail may have broken a north facing window of the green house and damaged two of the statues in the front yard. Wind may have blown back five ridge slates on the main ridge of the garden house. The blown back slates can be easily repaired using standard slate repair techniques.

# EXHIBIT D

**Exhibit D**

| Estimate # | 1001 |
|---|---|
| P.O. | 1207 |
| Date | Nov 18, 2016 |
| Time | 03:50 pm |

**Journey Automotive and Transport Serv.**
Web Site: journeyautomotives.com
2323 Blue Smoke Ct. N
Fort Worth, TX, 76105
Phone: 817-984-3730
Fax: 817-420-9038
Email: journeyautomotive@yahoo.com
"Where our service takes you a long way."

# ESTIMATE



**Michael Engfer**
6145 Wedgewood Dr.
Fort Worth, TX 76133
Work: 817-850-9800

| Year | 2005 | Mileage | |
|---|---|---|---|
| Make | BENTLY | Tag | CCN-4484 |
| Model | COUPE (CGT) | Vehicle # | |
| Engine | 6.0 | | |
| VIN | SCBCR63W05C026225 | Promised | |
| Parts | Do Not Return Old Parts | | |

| Labor | $6,355.20 |
|---|---|
| Parts | $10,966.27 |
| Misc | $5,517.00 |
| Subtotal | $22,838.47 |
| Tax | $0.00 |
| **Total** | $22,838.47 |

| Rate Type | Hourly | Payment Method | Cash | Estimate Charge | $1,700.00 |
|---|---|---|---|---|---|
| Other Authorized Person | TRISTAN KING | | | Phone | 817-984-3730 |

## Labor

| Description | Price |
|---|---|
| R & R LABOR (BODY) HAIL REPAIR AND OVERSIZED HAIL DENTS | $6,205.20 |
| R & R WINDSHIELD | $90.00 |
| R & R REAR WINDOW | $60.00 |

## Parts

| Part No | Description | Quantity | Unit Cost | Price |
|---|---|---|---|---|
| | BENTLY (HOOD) | 1.00 | $1,800.00 | $1,800.00 |
| | BENTLY (WINDSHIELD) | 1.00 | $3,381.15 | $3,381.15 |
| | BENTLY (SIDE MIRRORS) | 2.00 | $1,133.50 | $2,267.00 |
| | BENTLY (REAR WINDOW) | 1.00 | $2,980.14 | $2,980.14 |
| | BELT MOLDINGS | 2.00 | $60.00 | $120.00 |
| | QUARTER GLASS TRIM | 2.00 | $109.00 | $218.00 |
| | FRONT WINDOW TRIM | 1.00 | $89.99 | $89.99 |

The signature below is my authorization for the auto repair facility to complete the repair work indicated above including the necessary materials and sublet work. I also authorize employees of the facility to operate my vehicle for the purpose of testing, inspection, and delivery at my risk. I affirm that the facility is not responsible and shall be held harmless for loss or damage to my vehicle caused by fire, theft, or acts of nature.

| Total | $22,838.47 |
|---|---|

SIGNED ____________________ DATE ____________________

**Michael G. Engfer**
ATTORNEY AT LAW

September 5, 2017
Tarrant County District Court

Re: Richard Abrams Trustee of The Richard N. Abrams Trust created v. Allstate Vehicle & Property Insurance Company

To Whom It May Concern:

Please issue one citation. Please mail the citation to our office at 6145 Wedgwood Drive, Fort Worth, TX 76133. The citation will be returned to your office once served.

Thank You,
Michael Engfer
651-485-7330

6145 WEDGWOOD DRIVE
FORT WORTH, TEXAS 76133
PHONE 817-850-9800
FAX 817-850-9801
EMAIL mike@sryp.net

EXHIBIT B-2

DOCKET NO. 141-294500-17 DEFENDANT'S NAME: Allstate Vehicle and Property Insurance Company

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
***To VERIFY Military Status go to website:** http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT DEFENDANT: **(Please select ONE for DEFENDANT)**

___ IS IN THE MILITARY SERVICE AND ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

___ IS IN THE MILITARY SERVICE AND NOT ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

X IS NOT IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

___ HAS WAIVED HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

___ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

***I am not providing proof of military status from the governmental website because:**

______________________________

______________________________

______________________________

**Sign Here**

**SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF**

SUBSCRIBED AND SWORN TO BEFORE ME THIS 5 DAY OF September, 2017.

KANDICE MINNICK
Notary ID # 129185610
My Commission Expires
October 31, 2020

~~CLERK OF THE JUSTICE COURT~~
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit – A person who makes or uses an affidavit knowing to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.

****CERTIFICATE OF LAST KNOWN ADDRESS****

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing address of Defendant is as follows:

CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, TX 75201

****DEFENDANT'S ADDRESS** CITY, STATE, AND ZIP CODE

**Sign Here**

**SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF**

EXHIBIT B-3

Rev. 01/30/2015

**Michael G. Engfer**
ATTORNEY AT LAW

FILED
TARRANT COUNTY
10/10/2017 8:14 AM
THOMAS A. WILDER
DISTRICT CLERK

10/10/2017

Case Number: 141-294500-17 Lincoln Factoring v. RICHARD ABRAMS TRUSTEE OF THE RICHARD N. ABRAMS TRUST VS. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY

Please email the citation & petition back to me at mike@sryp.net.

Thank You,

Michael Engfer

6145 WEDGWOOD DRIVE
FORT WORTH, TEXAS 76133
PHONE 817-850-9800
FAX 817-850-9801
EMAIL mike@sryp.net

EXHIBIT
B-4

141-294500-17

FILED
TARRANT COUNTY
10/18/2017 9:03 AM
THOMAS A. WILDER
DISTRICT CLERK

**STAT OF TEXAS**

**NO. 141-294500-17**

| | | |
|---|---|---|
| **RICHARD ABRAMS TRUSTEE OF** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | | |
| **VS.** | § | **JUDICIAL DISTRICT COURT 141** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** | § | **TARRANT COUNTY, TEXAS** |

## RETURN OF S E R V I C E SUBPOENA

## Allstate Vechicle & Property Insurance Company

Came to hand on the **12th day of October, 2017,** at **10 o'clock A.M.** Executed at **1999 Bryan St, Dallas, Texas 75201**, within the County of **Dallas** at **(HOUR)) o'clock (AM/P.M.)**on the **16th day of October, 2017**, by delivering to the within named **Allstate Vechicle and Property Insurance Company** in person a true copy of **Citation** together with the accompanying copy of this **Plaintiff's Original Petition**pleading, having first endorsed on the same date of delivery. To certify which witness my hand.

**AFFIANT**

**D.Octavia Logan SCH # 12583 EXP 04/30/2020**

**Dallas County,Texas**

**My name is D.Octavia Logan, my date of birth is 07/26/1974, and my address is 1505 Jennifer St. Richardson Texas 75082. I declare under the penalty of perjury that the foregoing is true and correct. Executed in Dallas County, State of TX, on the 16th day of October, 2017.**

EXHIBIT
B-5

141-294500-17

FILED
TARRANT COUNTY
11/6/2017 10:23 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE # 141-294500-17

| | | |
|---|---|---|
| Richard Abrams Trustee of<br>The Richard N. Abrams Trust created under<br>The Abrams Family Gift Trust | §<br>§<br>§ | In the District Court of |
| *Plaintiff* | §<br>§<br>§ | |
| v. | § | Tarrant County, Texas |
| Allstate Vehicle & Property<br>Insurance Company | §<br>§<br>§<br>§ | |
| *Defendant* | § | 141st Judicial District |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust, asks the Court to sign a default judgment against defendant, Allstate Vehicle & Property Insurance Company.

**INTRODUCTION**

1. Plaintiff, Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust, sued defendant, Allstate Vehicle & Property Insurance Company for Breach of Contract & Breach of the Duty of Good Faith and Fair dealing.

2. Allstate is in breach of its contract of insurance with Plaintiff and has breached its duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear and refused to pay for damages caused by hail.

**BACKGROUND**

3. On September 5, 2017, plaintiff filed *its original* petition in this suit.

4. On October 12, 2017, defendant was served with citation and a copy of plaintiff's *original* petition by process server to Defendant's agent of record.



5. The citation and proof of service were filed on October 18, 2017, which was at least ten days before the filing of this motion.

6. The deadline for defendant to file an answer was November 2, 2017. However, defendant did not file an answer or any other pleading constituting an answer.

**Argument & Authorities**

7. The Court should render a default judgment against defendant because defendant was properly served and did not file an answer or any other pleading constituting an answer within the prescribed time period. *See* Tex. R. Civ. P. 239.

8. The last known address of defendant is 3075 Sanders Road Suite H1a Northbrook IL 60062-7127. Attached as Exhibit A is a certificate of defendant's last known address.

9. Defendant is not in the military service. Attached as Exhibit B is an affidavit about defendant's military status.

**Damages**

10. Plaintiff asks the Court to render a default judgment establishing defendant's liability and render a final judgment awarding plaintiff damages in the amount of $611,848.78. (Ex. C).

**CONCLUSION**

11. Plaintiff is entitled to a default judgment for the reasons asserted in this motion. Allstate failed to answer and is in breach of its contract of insurance with Plaintiff and has breached its duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear and failed to pay for damages caused by hail.

**PRAYER**

12. For these reasons, plaintiff asks the Court to sign a default judgment for the amount of $611,848.78.

Respectfully submitted,

/s/ Michael Engfer
State Bar No. 24085296
6145 Wedgwood Drive
Fort Worth TX 76133
Phone: (817) 850-9800
Facsimile: (817) 916-5106
mike@sryp.net
ATTORNEY FOR PLAINTIFF

# EXHIBIT A

**EXHIBIT A**

CAUSE # 141-294500-17

| | | |
|---|---|---|
| Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust | § § § | In the District Court of |
| *Plaintiff* | § § § | |
| v. | § § | Tarrant County, Texas |
| Allstate Vehicle & Property Insurance Company | § § § | |
| *Defendant* | § | 141st Judicial District |

**CERTIFICATE OF LAST KNOWN ADDRESS**

STATE OF TEXAS §
§
COUNTY OF TARRANT §

I certify that the last known mailing address of Allstate Vehicle & Property Insurance Company, Defendant, against whom judgment is taken in the above-entitled and –numbered cause, is the following:

3075 Sanders Road Suite H1a
Northbrook IL 60062-7127

Respectfully submitted,

MIKE ENGFER, ESQ.
Attorney
6145 Wedgwood Drive
Fort Worth, TX 76133
Tel. 817-850-9800
Fax 817-732-4445
Mike@sryp.net

**EXHIBIT A**

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Mike Engfer SIGNED under oath before me on 11/6/2017




Notary Public, State of Texas

**EXHIBIT A**

**Texas Department of Insurance**
333 Guadalupe St. P.O. Box 149104 Austin, TX 78714-9104

# ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Skip over these navigation links.

Show Explanation of Terms

**Table of Contents**
General Info | Contact Info | Types of Insurance | Use of Credit | Attorney for Service | Ratings | Financial Info | Premiums | Complaint Ratios | Company History | Company Officers

## General Information:

Return to top.

| | |
|---|---|
| **Type of Entity:** | Fire and Casualty (FC) |
| **Status of TX License:** | Active |
| **Company Status:** | Normal Operations |
| **License Number:** | 93729 |
| **NAIC Number:** | 37907 |
| **TDI Company Number:** | 93729 |
| **FEIN:** | 042680300 |
| **Home City/State:** | IL |
| **Origin:** | Foreign |
| **Date Incorporated/Organized:** | 08/20/1979 |
| **Date Licensed/Eligible/Registered in Texas:** | 09/29/1981 |
| **Date Cancelled/Ineligible/Inactive:** | |

## Contact Information:

Return to top.

| | |
|---|---|
| **Mailing Address:** | 3075 Sanders Road Suite H1a<br>Northbrook IL 60062-7127 |
| **Office Number:** | (847)402-5000 |
| **Toll Free Number:** | |
| **Fax Number:** | (847)402-0508 |

## Types of Insurance Licensed to Write:

Return to top.

- Accident
- Aircraft Liability
- Aircraft Physical Damage
- Allied Coverages
- Auto Physical Damage
- Automobile Liability
- Boiler & Machinery
- Burglary & Theft
- Employers' Liability
- Fidelity & Surety
- Fire
- Forgery
- Glass
- Hail
- Health
- Inland Marine
- Liability Other than Auto
- Livestock
- Ocean Marine
- Rain
- Workers Comp and Emp Liability

---

## Use of Credit:

Return to top.

To determine if a company uses credit information for private passenger automobile or homeowners insurance.

Click Here for Use of Credit

---

## Attorney for Service:

Return to top.

Click Here for Attorney for Service Guidelines

C T Corporation System
1999 Bryan St Ste 900
Dallas TX 75201 -3136

---

## Rating By Financial Organization:

Return to top.

The following organizations rate insurance companies on their financial strength and stability. Some of these companies charge for their services.

A.M. Best
Weiss Ratings Inc.
Standard & Poor's
Moody's Investors Service
Fitch IBCA, Duff and Phelps Ratings

---

# EXHIBIT B

Richard Abrams Trustee of The Richard Abrams Trust v. Allstate Vehicle and Property Insurance Company

DOCKET NO. ____________ DEFENDANT'S NAME: Allstate Vehicle and Property Insurance Company

**AFFIDAVIT**

SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)

***To VERIFY Military Status go to website:** http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT DEFENDANT: **(Please select ONE for DEFENDANT)**

____ IS IN THE MILITARY SERVICE AND ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

____ IS IN THE MILITARY SERVICE AND NOT ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

X IS NOT IN THE MILITARY SERVICE

*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

____ HAS WAIVED HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

____ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT THIS TIME

*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

***I am not providing proof of military status from the governmental website because:**

______________________________

______________________________

______________________________

Sign Here

**~~SIGNATURE OF PLAINTIFF/AGENT~~/ATTORNEY FOR PLAINTIFF**

~~SUBSCRIBED AND SWORN~~ TO BEFORE ME THIS 6th DAY OF Nov, 2017.

KANDICE MINNICK
Notary ID # 129185610
My Commission Expires
October 31, 2020

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit – A person who makes or uses an affidavit knowing to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.

****CERTIFICATE OF LAST KNOWN ADDRESS****

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing address of Defendant is as follows:

3075 Sanders Road Suite H1a, Northbrook, Il 60062

****DEFENDANT'S ADDRESS** CITY, STATE, AND ZIP CODE

Sign Here

**~~SIGNATURE OF PLAINTIFF/AGENT~~/ATTORNEY FOR PLAINTIFF**

Rev. 01/30/2015

# EXHIBIT C

**EXHIBIT C**

CAUSE # 141-294500-17

| | | |
|---|---|---|
| Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust | § § § | In the District Court of |
| *Plaintiff* | § § § | |
| v. | § § | Tarrant County, Texas |
| Allstate Vehicle & Property Insurance Company | § § § | |
| *Defendant* | § | 141st Judicial District |

AFFIDAVIT OF RICHARD N. ABRAMS

STATE OF TEXAS §
§
COUNTY OF TARRANT §

BEFORE ME, the undersigned Notary Public, on this day personally appeared RICHARD N. ABRAMS, who, after being by me duly sworn, made the following statements and swore that they were true;

"My name is Richard N. Abrams. I am over 21 years of age and I am competent to give testimony herein. I have never been convicted of a felony. The following statements are based upon my personal knowledge and they are true and correct."

"I am represent the Plaintiff in the above entitled and numbered cause. Attached hereto as Exhibit B is a summary of the principal and interest calculations for the amount due from the Defendant in this matter. After all just credits, payments, and offsets, the amount due to Plaintiff from Defendant is $ $611,848.78."

FURTHER AFFIANT SAYETH NAUGHT.

RICHARD N. ABRAMS
Affiant

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Sworn and subscribed to before me the undersigned notary public on this 6th day of November of 2017.

NOTARY PUBLIC STATE OF TEXAS
KANDICE MINNICK
Notary ID # 129185610
My Commission Expires
October 31, 2020

Notary Public, State of Texas

EXHIBIT C



Insurance Claim Advantage, LLC

Your Adjuster. Your Advantage.
No Recovery. No Fee.

Texas Department
of Insurance
License #: 2106655

## SWORN STATEMENT IN PROOF OF LOSS

At the time of loss, the following persons or legal entities were insured:

1. Identification of All Insured:
Richard Abrams
4301 Briarhaven Road
Fort Worth, TX 76109

2. Time and Origin: A Hail / Wind loss occurred on 2016-03-21. The cause and origin of the said loss were Hail / Wind.

3. Occupancy: The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: Residential

4. Title and Interest: At the time of the loss the interest of the named insured(s) in the property described therein was owner. No other person or persons has any interest therein or encumbrance thereon, except: lienholder.

5. Changes: Since the said policy was issued, there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: N/A

6. Total Insurance: The total amount of insurance upon the property described by this policy was at the time of the loss is reflected in the declaration page of policy number 836486384, other than this policy, there was no policy or other contract of insurance, written or oral, valid or invalid.

7. The Actual Cash Value of said property at the time of the loss was: Unknown

8. The Whole Loss and Damage was: $611840.78

9. The Amount Claimed under the above referenced policy prior to subtracting previous payments and the applicable deductible is: $611840.78

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of an estimate or the preparation of proofs by a representative of the insured is not a waiver of any of the insured's rights.
**SUPPLEMENT PROOF OF LOSS MAY FOLLOW.**

Insured's Representative: [signature]

State of: Texas

County of: Harris

Subscribed and sworn to me this 21st date of Dec. , 2016

[signature] Notary Public

DEBBIE MARIE ALVA
Notary Public, State of Texas
My Commission Expires
May 29, 2017

**WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claims for the proceeds or any insurance policy containing any false, incomplete or misleading information is guilty of a felony.**

141-294500-17

CAUSE # 141-294500-17

FILED
TARRANT COUNTY
11/6/2017 10:23 AM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| Richard Abrams Trustee of The Richard N. Abrams Trust created under The Abrams Family Gift Trust | § | In the District Court of |
| *Plaintiff* | § | |
| v. | § | Tarrant County, Texas |
| Allstate Vehicle & Property Insurance Company | § | |
| *Defendant* | § | 141st Judicial District |

**DEFAULT JUDGMENT ORDER**

STATE OF TEXAS §
§
COUNTY OF TARRANT §

On this day came to be heard the above-entitled and numbered cause wherein Richard Abrams Trustee The Richard N. Abrams Trust created under The Abrams Family Gift Trust is the Plaintiff and Allstate Vehicle & Property Insurance Company ("INS") is the Defendant. Plaintiff appeared in person and by its attorney of record and announced ready for trial.

Defendant INS, although having been duly and legally cited to appear and answer herein, failed to appear and answer, and wholly made default.

Citation was properly served on Defendant INS on October 12, 2017, according to law. Plaintiff filed the return of service for Defendant INS with the Clerk of this Court on October 18, 2017, where it has remained on file for the time required by law.

The Court has considered the pleadings and records on file in this cause and the evidence presented and are of the opinion that judgment should be rendered for Plaintiff. The Court has concluded it has jurisdiction over Defendant INS, and over the matter in controversy.



It is accordingly ADJUDGED that CO, Plaintiff, recover from INS, Defendant, judgment for $611,848.78 which represents the principle amount and interest at the rate of 5% per year on the total judgment from the date of judgment until paid;

It is ORDERED THAT Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

This Judgment disposes of all parties and all causes of action and is final and appealable.

All relief not expressly granted herein is denied.

SIGNED on ____________________

______________________________________
JUDGE PRESIDING

CAUSE # 141-294500-17

FILED
TARRANT COUNTY
11/6/2017 10:23 AM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| Richard Abrams Trustee of<br>The Richard N. Abrams Trust created under<br>The Abrams Family Gift Trust | §<br>§<br>§ | In the District Court of |
| *Plaintiff* | § | |
| v. | § | Tarrant County, Texas |
| Allstate Vehicle & Property<br>Insurance Company | §<br>§ | |
| *Defendant* | § | 141st Judicial District |

**DEFAULT JUDGMENT ORDER**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

On this day came to be heard the above-entitled and numbered cause wherein Richard Abrams Trustee The Richard N. Abrams Trust created under The Abrams Family Gift Trust is the Plaintiff and Allstate Vehicle & Property Insurance Company ("INS") is the Defendant. Plaintiff appeared in person and by its attorney of record and announced ready for trial.

Defendant INS, although having been duly and legally cited to appear and answer herein, failed to appear and answer, and wholly made default.

Citation was properly served on Defendant INS on October 12, 2017, according to law. Plaintiff filed the return of service for Defendant INS with the Clerk of this Court on October 18, 2017, where it has remained on file for the time required by law.

The Court has considered the pleadings and records on file in this cause and the evidence presented and are of the opinion that judgment should be rendered for Plaintiff. The Court has concluded it has jurisdiction over Defendant INS, and over the matter in controversy.






It is accordingly ADJUDGED that CO, Plaintiff, recover from INS, Defendant, judgment for $611,848.78 which represents the principle amount and interest at the rate of 5% per year on the total judgment from the date of judgment until paid;

It is ORDERED THAT Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

This Judgment disposes of all parties and all causes of action and is final and appealable.

All relief not expressly granted herein is denied.

SIGNED on November 8 2017

JUDGE PRESIDING

**Yolanda E. Garza**

**From:** Yolanda E. Garza
**Sent:** Thursday, November 09, 2017 1:49 PM
**To:** 'mike@sryp.net'
**Subject:** 141-294500-17 default judgment
**Attachments:** 14129450017000012.tif

RE: 141-294500-17

Please find attached a signed order for the cause number shown above.

**Thank you**

**YOLANDA E. GARZA**
**141st Lead Clerk**
**Tarrant County District Clerk**
100 N Calhoun St, 2nd Floor
Fort Worth, TX 76196
(817)884-1588
yegarza@tarrantcounty.com


TARRANT COUNTY
THOMAS A. WILDER
DISTRICT CLERK - CIVIL
100 N. CALHOUN ST., 2ND FLOOR
FORT WORTH, TEXAS 76196-0402

141ST

MICHAEL GARY ENGFER
LAW OFFICE OF MICHAEL G ENGFER
6145 WEDGWOOD DR
FORT WORTH TX 76133



TARRANT COUNTY
THOMAS A. WILDER
DISTRICT CLERK - CIVIL
100 N. CALHOUN ST., 2ND FLOOR
FORT WORTH, TEXAS 76196-0402

141ST

ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY
B/S CT CORP SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

# Civil Docket

Discovery: 2

141-294500-17

Cause Of Action: CONTRACT, INSURANCE

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed<br>09/05/2017 | RICHARD ABRAMS | ENGFER, MICHAEL GARY<br>6145 WEDGWOOD DR<br><br>FORT WORTH, TX 76133<br>BarID: 24085296TX Ph (817)850-9800 PLTF<br>Fax Ph (817)916-5106<br>LAW OFFICE OF MICHAEL G ENGFER<br>MIKE@SRYP.NET |
| Jury<br>Fee $ | vs. | |
| Paid<br>By | ALLSTATE VEHICLE & PROPERTY<br>INSURANCE COMPANY | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| 11/8/17 | Default | |

EXHIBIT B-9